**RECORD NO. 14-4386**

# IN THE
# United States Court of Appeals
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff - Appellee,*

v.

ALTISE SHAHEED BRIDGES.,

*Defendant - Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
AT GREENSBORO

**OPENING BRIEF OF APPELLANT
ALTISE SHAHEED BRIEDGES**

BETTINA KAY ROBERTS
ATTORNEY AT LAW
2026 Pershing Street
Durham, North Carolina 27705
(917) 623-0402
bettina.roberts@gmail.com

*Counsel for Appellant*

## TABLE OF CONTENTS

Page

Table of Cases, Statutes, and Authorities ........................................................... ii

Statement of Jurisdiction ................................................................................... 1

Issue Presented for Review ............................................................................... 2

Nature of the Brief ............................................................................................ 3

Statement of the Case ....................................................................................... 4

Statement of Facts ............................................................................................ 5

Summary of Argument...................................................................................... 8

Argument

       The District Court's Sentence Was Substantively Unreasonable ........ 9

Conclusion ...................................................................................................... 11

Statement Regarding Oral Argument.............................................................. 11

Certificate of Compliance with Typeface and Length Limitations .............. 12

Certificate of Service ...................................................................................... 13

# TABLE OF CASES, STATUTES, AND AUTHORITIES

## CASES

*Anders v. California*,
   386 U.S. 738 (1967)..................................................................................3, 10

*Gall v. United States*
   552 U.S. 38, 51 (2007)..................................................................................9

*United States v. Blick*
   408 F.3d 162 (4th Cir. 2005)........................................................................9

*United States v. Evans*
   526 F.3d 155 (4th Cir. 2008) .......................................................................9

*United States v. Marin*,
   961 F.2d 493 (4th Cir. 1992)........................................................................9

## STATUTES AND AUTHORITIES

18 U.S.C. § 2 ...........................................................................................4, 5

18 U.S.C. § 924(c) ..................................................................................4, 5

18 U.S.C. § 1991 ..................................................................................1, 4, 5

18 U.S.C. § 3553(a)....................................................................................10

18 U.S.C. § 3742(a).......................................................................................1

26 U.S.C. § 5871........................................................................................4, 5

28 U.S.C. § 1291...........................................................................................1

## STATEMENT OF JURISDICTION

The district court had jurisdiction under 18 U.S.C. § 1991. This Court's jurisdiction is pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). Altise Shaheed Bridges filed a timely notice of appeal on May 13, 2014. This appeal is from a final order.

## ISSUE PRESENTED FOR REVIEW

Whether the district court's sentence was substantively unreasonable.

## NATURE OF THE BRIEF

This brief is submitted to the Court pursuant to the holding of *Anders v. California*, 386 U.S. 738 (1967). Counsel for Altise Shaheed Bridges has carefully reviewed the record, including the change of plea hearing and sentencing hearing transcripts, and has concluded that there are no meritorious grounds for appeal.

## STATEMENT OF THE CASE

On September 30, 2013, a grand jury sitting in the Middle District of North Carolina indicted the appellant, Altise Shaheed Bridges, in three counts of a four-count indictment. Count One charged Mr. Bridges, along with a co-defendant, with railroad train robbery, in violation of 18 U.S.C. §§ 1991 and 2. (D.E. #1). Count Two charged that Mr. Bridges, along with a co-defendant, in connection with the railroad train robbery charged in Count One, did knowingly carry and use, by brandishing, a handgun and a short-barreled shotgun, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and (c)(1)(B)(i) and (2). (D.E. #1). Count Three charged that Mr. Bridges, along with a co-defendant, knowingly possessed an unregistered firearm with a barrel length of less than 16 inches, in violation of 26 U.S.C. §§ 5871 and 2. (D.E. #1).

Mr. Bridges pled guilty to Count One of the indictment and, on March 25, 2014, the district court sentenced him to imprisonment for a term of 92 months on Count One. (D.E. #38, 45). Mr. Bridges timely appealed his sentence to this Court. (D.E. #50).

## STATEMENT OF THE FACTS

According to the government, on April 29, 2012, law enforcement agents were dispatched with regard to a reported train robbery of Norfolk Southern Engine #3465 in Salisbury, North Carolina. (D.E. #32). Upon arrival, the agents were informed by the engineer and conductor of the train that they had been robbed by two males, one wearing a black ski mask and holding a revolver and the other wearing a black ski mask and holding a shotgun. (D.E. #32). The two men, who later were determined by law enforcement to be Mr. Bridges and a codefendant in the instant action, demanded the wallets of the engineer and the conductor and then exited through the back door of the driver's compartment of the train. (D.E. #32).

On September 30, 2013, a federal grand jury indicted Mr. Bridges for railroad train robbery, 18 U.S.C. §§ 1991 and 2; brandishing a weapon during that train robbery, 18 U.S.C. §§ 924(c)(1)(A)(ii) and (c)(1)(B)(i) and (2); and with possession of an unregistered short-barreled shotgun, 26 U.S.C. §§ 5871 and 2. (D.E. #1). Mr. Bridges later pled guilty to the

railroad train robbery count, contained in Count One of the indictment. (D.E. #38). Following the plea, the probation officer calculated Mr. Bridges' sentencing guideline range to be 84 to 105 months, based on a total offense level of 22 and a criminal history category of VI. (D.E. #58 at p. 3).

Mr. Bridges did not file any written legal objections. (D.E. #58 at p. 3). At his sentencing hearing, counsel for Mr. Bridges argued for a sentence at the low end of the sentencing guideline range, as calculated in the presentence report, on account of Mr. Bridges' abusive childhood and sincere desire for rehabilitation. (D.E. #58 at pp. 4-6). In response, counsel for the government told the court that the government concurred with the recommendation set forth in the presentence report, to wit, a term of imprisonment in the middle of the sentencing guideline range of 84 to 105 months, on account of the offense conduct. (D.E. #58 at pp. 7-9).

The district court adopted the presentence report as prepared by the probation officer. (D.E. #58 at p. 3). Accordingly, the district court sentenced Mr. Bridges to a term of 92 months imprisonment on Count

6

One of the indictment, a sentence in the middle of the calculated sentencing guideline range. (D.E. #58 at pp. 9-11). Mr. Bridges timely appealed. (D.E. #50).

## SUMMARY OF ARGUMENT

Altise Shaheed Bridges' sentence must be vacated and his case remanded for further proceedings because the district court's sentence was substantively unreasonable. As a result, Mr. Bridges respectfully requests that his sentence be vacated and that his case be remanded for further proceedings.

**ARGUMENT**

The District Court's Sentence Was Substantively Unreasonable

*Standard of Review*

This Court considers the substantive reasonableness of a district court's sentence under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). Review for substantive reasonableness considers the totality of the circumstances. *See id.*; *United States v. Evans*, 526 F.3d 155, 161-62 (4th Cir. 2008).

*Argument*

In his plea agreement, Mr. Bridges waived his right to appeal his sentence except on certain very limited grounds, which counsel for Mr. Bridges does not believe to be applicable in the instant appeal. This Court strictly enforces waivers of appellate rights. *E.g.*, *United States v. Marin*, 961 F.2d 493, 496 (4th Cir. 1992); *United States v. Blick*, 408 F.3d 162, 170 (4th Cir. 2005). Undersigned counsel believes that Mr. Bridges entered into the plea agreement and knowingly and voluntarily pled guilty pursuant to it. At the plea hearing, in fact, Mr. Bridges said that

9

he understood its terms. As a consequence, counsel believes herself constrained to submit this brief pursuant to the provisions of *Anders v. California*, 386 U.S. 738 (1967). Should this Court decide to reach the merits of Mr. Bridges' claim for relief, however, his argument is set out below.

Here, the district court imposed a sentence that was substantively unreasonable under the totality of the circumstances. A sentence at the bottom of the sentencing guideline range calculated by the probation officer would have been sufficient but not greater than necessary to achieve the purposes of sentencing in the instant case. *See* 18 U.S.C. § 3553(a). By sentencing Mr. Bridges in the middle of the calculated sentencing guideline range, the district court imposed a greater sentence than necessary under the law. Accordingly, the district court's sentence must be vacated and the matter remanded for further proceedings.

For all of the foregoing reasons, Mr. Bridges respectfully requests that this Court vacate his sentence and remand the case for further proceedings.

## CONCLUSION

For all of the foregoing reasons, the appellant, Altise Shaheed Bridges, respectfully requests that his sentence be vacated and that the case be remanded for further proceedings.

## STATEMENT REGARDING ORAL ARGUMENT

Mr. Bridges does not request oral argument unless the Court believes such argument would aid the decisional process.

Respectfully submitted this 8th day of September, 2014.

>  /s/ *Bettina Kay Roberts*
>  BETTINA K. ROBERTS
>  CJA Counsel – Appointed
>  North Carolina Bar No. 42319

11

## **CERTIFICATE OF COMPLIANCE WITH RULE 32(a)**

Certificate of Compliance with Type-Volume Limitation,
Typeface Requirements and Type Style Requirements

1. This brief complies with the type-volume limitation of Fed. R. App. 32(a)(7)(B) because:

    The word count of this brief is <u>1,156</u>.

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

    This brief has been prepared in a proportionally spaced typeface using
    <u>Micro Soft Word, Palatino Linotype, 14 point</u>.

September 8, 2014

<u>/s/ <i>Bettina Kay Roberts</i></u><br>
BETTINA K. ROBERTS

# CERTIFICATE OF SERVICE

In accordance with Rule 25 of the Rules of the United States Court of Appeals for the Fourth Circuit, I hereby certify that I have this September 8, 2014, filed the required copies of the foregoing Brief of Appellant in the Office of the Clerk of the Court, via hand delivery and have electronically filed the Brief of Appellant using the Court's CM/ECF system which will send notification of such filing to the following counsel:

Terry Michael Meinecke,
Assistant U. S. Attorney
OFFICE OF THE UNITED STATES ATTORNEY
4th Floor
101 South Edgeworth Street
Greensboro, NC 27401-0000
Email: USANCM.ECFCENTRAL@usdoj.gov

And a copy of this Brief mailed using US Postal, First Class Mail to:
Altise Shaheed Bridges
29566-057
USP HAZELTON
U.S. PENITENTIARY
P.O. BOX 2000
BRUCETON MILLS, WV  26525

　　　　　　　　　　　　　　　　　　　/s/ *Bettina Kay Roberts*
　　　　　　　　　　　　　　　　　　　BETTINA K. ROBERTS

13